IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-1386 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| LIEUTENANT DAILEY, OFFICER BURNSWORTH and OFFICER HIGINBOTHAM, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

For the reasons below, the Court will dismiss Plaintiff William May's motion for immediate injunctive relief (ECF 8) because he is not seeking appropriate or available injunctive relief.

**I.   Background**

May, who is proceeding pro se, is a state prisoner at SCI Fayette. In his recently filed complaint (ECF 6), he names as defendants three individuals who work there: (1) Lieutenant Dailey; (2) Officer Burnsworth; and (3) Officer Higinbotham.

The events in question in the complaint occurred on August 22, 2024. May alleges that on that date, Defendants Burnsworth and Higinbotham punched him without justification on his head, face and neck at the direction of Defendant Dailey. (ECF 6 ¶¶ 9-12, 19-22.) Defendant Dailey did not intervene to stop the assault, which May alleges "lasted a substantial period of time[.]" (*Id.* ¶ 22.) May further alleges that after the assault stopped, Defendant Burnsworth "maliciously and sadistically" handcuffed him in a manner that caused him "bone pain and inadequate circulation." (*Id.* ¶ 24.)

The complaint explicitly brings two claims against each defendant under 42 U.S.C. § 1983. "Count One," is a civil conspiracy claim in which May alleges that "on August 22, 2004…[the Defendants] agreed to have him assaulted and battered[.]" (*Id.* ¶¶ 28-29.) In "Count Two," May brings a claim of excessive force claim against each defendant based on the same alleged events. (*Id.* ¶¶ 30-31.) As relief, May seeks money damages "in excess of $1,000,000.00" and punitive damages. He also seeks unspecified "injunctive relief." (*Id.* at pp. 5-6.)

The Court has directed the United States Marshal to serve the complaint on Defendants. The Court has not yet received notice from the Marshal that service has been effectuated.

Pending before the Court is a motion for immediate injunctive relief that May submitted with his complaint. (ECF 8.) May also submitted with this motion and his complaint a declaration in which he asserts that: (1) Defendant Higinbotham assaulted him on July 13, 2024; and (2) on September 18, 2024 (a) Defendant Higinbothham "and others" searched his cell and left it in "complete disarray"; and (b) "a relative of Defendant Burnsworth...threatened [him]." May claims that the alleged incidents of September 18th, were in retaliation for May filing "inmate abuse claims[.]" (ECF 6-1.) May brings no claim in the complaint based on the alleged incidents of July 13th and September 18th, however.

In May's pending motion for immediate injunctive relief, he references the alleged assault on August 22, 2024, which is the subject of the claims raised in the complaint, as well as the alleged July 13, 2024 assault and the September 18, 2024 incidents of retaliation. May seeks an order from the Court that grants emergency injunctive relief that "restrain[s] the Defendants and their co-workers from any further assaults and/or from any further retaliation." (ECF 8 at p. 2.)

More recently, May submitted to the Court a declaration by fellow inmate Etienne Barksdale, who claims that he witnessed the August 22, 2024 incident at issue in the complaint.

Barksdale also asserts that since that date he has witnessed "multiple officers threatening Mr. May and also telling us other peers/inmates of Mr. May that he is a 'rat' to try to get other to turn and harass him." (ECF 10 at pp. 1-2.)

## II.     Discussion

It is well established that a motion for a temporary restraining order or for preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a movant's request for preliminary injunctive relief, courts employ the familiar four-factor balancing test. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017). That test requires that the movant demonstrate a reasonable probability of eventual success in the litigation, and that it is more likely than not that he will suffer irreparable injury without immediate injunctive relief. *Id.* The remaining two factors are the possibility of harm to other interested persons from the grant or denial of the injunction, and the public interest. *Id.* If the movant meets his burden on the first two factors, which are the "most critical[,]" "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Importantly, the above-cited factors are relevant only if the movant's request for immediate injunctive relief is being sought for its proper purpose, which is to maintain the status quo to avoid the likelihood of irreparable injury before a decision on the merits of the complaint can be rendered. *See, e.g.*, *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). By contrast, injunctive relief is not an appropriate means by which to raise and litigate new claims, either against a named defendant or a third party. Moreover, there must be "a relationship between the

injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion raised issues different from those presented in his complaint, his allegations could not provide the basis for a preliminary injunction); *see also Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010).

Here, May's motion is not, in fact, a proper motion for temporary or preliminary injunctive relief. As discussed above, he cannot amend or supplement the complaint, which pertains solely to alleged incidents of excessive force that occurred on August 22, 2024, by moving for emergency injunctive relief and raising additional claims in it based on alleged events that occurred on July 13th and September 18th. Nor can May avoid the requirements of the Prison Litigation Reform Act ("PLRA") by styling his motion as one for injunctive relief when he is actually bringing new claims of misconduct against either a defendant or another individual working at SCI Fayette. If May wants to pursue claims based on the allegations he raises in his motion, he is reminded that under 42 U.S.C. § 1997e(a), he must first fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions. May cannot use a motion seeking alleged "emergency" injunctive relief to try and make the Court the overseer of the day-to-day management of the prison system.

Finally. the PLRA, at 18 U.S.C. § 3626(a)(2), provides that any order for preliminary relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." The injunctive relief that May requests meets none of these conditions.

4

**III.    Order**

For all these reasons, May's motion (ECF 8) is dismissed because it improperly seeks immediate injunctive relief on impermissible and inappropriate bases.

SO ORDERED this 26th day of November, 2024.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge